IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

YWCA OF GREATER PORTLAND,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)　　TC-MD 130021D
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
MULTNOMAH COUNTY ASSESSOR,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)　　**DECISION**

This matter is before the court on Defendant's Motion to Dismiss, filed February 8, 2013.

A telephone case management conference was held in the above-entitled matter on February 25, 2013. Leslie Bevan, Executive Director, YWCA of Greater Portland, appeared on behalf of Plaintiff. Debbie Atwood, Tax Exemption Specialist, Multnomah County Division of Assessment, Recording & Taxation, appeared on behalf of Defendant. After discussing Defendant's Motion to Dismiss (Motion), Plaintiff was granted an opportunity to submit its written response to Defendant's Motion. Plaintiff's response was filed March 6, 2013. As of this date, Defendant has not submitted a written reply.

Defendant's Motion stated that Plaintiff's Complaint "was not filed within the time permitted by law as provided below:

> "The complaint was not filed within 90 days after the date that the act or determination of the assessor was actually known to the taxpayer. ORS 305.280.

> "Nor does the Court have jurisdiction over the subject matter of the complaint under ORS 305.288(3). The complaint does not allege facts showing good and sufficient cause for failure to pursue the statutory right of appeal."

In its letter dated March 5, 2013, Plaintiff wrote that the "rationale for opposing the motion to dismiss is that the YWCA of Greater Portland was not notified of the 90-day time limit, nor was the YWCA notified of the right to appeal the notification of status change."

Defendant's Notification of Status Change, dated September 18, 2012, listed one tax account followed by an address. (Compl at 2.) The Notification of Status Change stated:

> "The properties will become 58.831% taxable beginning with the tax year 2012/13. The reason for the status change is:
>
> "Change of use.
>
> * * * * *
>
> "If the property is leased to an exempt entity, then they would be required to file for the tax exemption. * * *.
>
> "If you have any questions, please contact our office at * * *."

(*Id.*)

According to Plaintiff, after receiving the 2012-13 property tax statement from Defendant, Plaintiff concluded that an appeal of Defendant's Notification of Status Change, dated September 18, 2012, "must be **received/postmarked by December 31, 2012 to be considered**." (Ptf's ltr, dated Mar 5, 2012, at 1.) (emphasis in original.) Plaintiff wrote:

> "On December 28, 2012, The YWCA of Greater Portland submitted an appeal of the Change of Use assessment and consequent tax against the non-profits (*sic*) properties. * * *.
>
> "I [Leslie Bevan] received a letter on January 7, 2013 informing me that the court had received the appeal and accompanying documents relating to property tax account R246556. I was informed that the documents weren't filed and they were being returned to me because my request for fee waiver was not done appropriately.
>
> "Subsequently, I called Erin Dawson, who assured me that I could return the complaints with the $240 application fee—and that the application could still be filed, that is the application would be considered to have been received by the deadline. I also learned that entities (as opposed to individuals) are not eligible for a fee waiver. It was important to hear that the application would still be accepted before investing $480 [two separate complaints were submitted] in the appeal process.
>
> "On January 11, 2013, I received a letter confirming that the YWCA's complaint was filed."

(*Id.* at 1-2.)

A.      *Notice*

Plaintiff alleges that Defendant's Notification of Status Change failed to provide Plaintiff with notice of its appeal rights.  In a prior decision, this court concluded that "the assessor is permitted to alter position as to exemption or valuation without notice to the property owner prior to the issuance of the tax statement" when the change in position is made before certification of the tax roll.  *Multnomah County Assessor v. Portland Development Commission (Portland Development Commission)*, TC 5008, WL 5925128 at \*2 (Nov 29, 2011.)  In the case before the court, Defendant made its change to the status of Plaintiff's property in September 2012, before the tax roll was certified for the 2012-13 tax year.

Even though Defendant had no statutory obligation to notify Plaintiff, Defendant did provide Plaintiff notice.  Because there is no notice requirement, there are no statutory requirements specifying notice content.

B.      *Appeal Rights*

In *Portland Development Commission*, the court held that "the statutes provide ways for the adversely affected owner to challenge the decision [denying exemption] of the assessor. ORS 309.100; ORS 305.275."  (*Id.*)

ORS 309.100[1] provides in pertinent part that "the owner or an owner of any taxable property or any person who holds an interest in the property that obligates the person to pay taxes imposed on the property, may petition the board of property tax appeals for relief as authorized under ORS 309.026."  ORS 309.026(2) states that the jurisdiction of the board of property tax appeals is limited to "petitions for the reduction of:" assessed value or specially

/ / /

_____

[1] All references to the Oregon Revised Statutes (ORS) are to 2011 unless otherwise indicated.

DECISION  TC-MD130021D                                                                                     3

assessed value, real market value, maximum assessed value and corrections to value made under ORS 311.208.

Plaintiff filed an appeal with this court, challenging Defendant's act of disqualifying its property from exemption, not the property's real market value. Plaintiff's Complaint requested the following relief: "Request that status to exempt be reinstated. Also request a fee waiver as provide under ORS 21.685." [2] Because Plaintiff is not requesting a value reduction, the board of property tax appeals has no jurisdiction to handle petitions related to exemption of property.

Plaintiff's appeal rights are found in ORS 305.275 and 305.280. ORS 305.275 provides in pertinent part, that:

> "(1) Any person may appeal under this subsection to the magistrate division of the Oregon tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:
>
> > "(a) The person must be aggrieved by and affected by an act, omission, order or determination of:
> >
> > * * * * *
> >
> > "(C) A county assessor or other county official, including but not limited to the denial of a claim for exemption * * *.
> >
> > "(b) The act * * * or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property.
> >
> > "(c) There is no other statutory right of appeal for the grievance.

If a person meets all of the above stated criteria, ORS 305.280 states in pertinent part that:

> "(1) [A]n appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act * * * or determination becomes actually known to the person, but, in no event later than one year after the act or omission has occurred, or the order or determination has been made."

/ / /

---

[2] Plaintiff withdrew its request to waive the filing fee.

Defendant's Notification of Status Change was dated September 18, 2012. In its Notification of Status Change, Defendant stated that Plaintiff's property was 58.831 percent taxable for the tax year 2012-13 (July1, 2012 through June 30, 2013). Defendant's Notification of Status Change advised Plaintiff of the action it had taken to reclassify Plaintiff's property to 58.831 percent taxable. There is no evidence that Plaintiff did not receive that notice. There is no evidence that Plaintiff contacted Defendant as stated on the notice: "If you have any questions, please contact our office at * * *." (Compl at 2.) If Plaintiff had contacted Defendant, there may have been no need for Plaintiff's appeal or Plaintiff's appeal may have been filed timely. Plaintiff's appeal challenging Defendant's determination that its property did not qualify for exemption was filed more than 90 days after Defendant's determination was known to it. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Dated this ____ day of April 2013.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on April 8, 2013. The court filed and entered this Decision on April 8, 2013.*